WM. FRANCE, Appellee, v. G. B. HOLMES *et al.*,
Appellants.

Real Estate: TITLE: BONA FIDE PURCHASER: RES-ADJUDICATA. Where
   before the execution of a mortgage the mortgagee had notice that the
   title of the mortgagor to the mortgaged premises was disputed by his
   grantor, and that a suit was to be commenced to set aside the convey-
   ance to said mortgagor, but such action not being commenced, after a
   brief delay the mortgagee accepted a mortgage upon the premises in
   question. *Held*, in an action for the foreclosure of the mortgage, that
   an adjudication, in an action commenced some months after the exe-
   cution of the mortgage, and to which the mortgagee was not a party,
   that the conveyance to the mortgagor was void for want of considera-
   tion, was not binding upon the mortgagee.

*Appeal    from    Polk    District    Court.*—HON.    MARCUS
KAVANAGH, Judge.

TUESDAY, JANUARY 26, 1892.

ACTION to foreclose a mortgage. There was a
decree for the plaintiff, from which defendant Knudtson
appeals.—*Affirmed.*

*Ira W. Anderson*, for appellant.

*J. K. Macomber* and *Frank Y. Locke*, for appellee.

GRANGER, J.—The mortgage in suit was executed
to the plaintiff July 9, 1887, by the defendant Holmes,
"on the east half of lots one (1) and two (2) of Knudt-
son's addition," to secure a note for two hundred
twenty-five dollars, of the same date. The petition
averred that defendant Knudtson claimed some interest
in the lots, and asked that his interest be decreed junior
to that of the plaintiff. The defendant Holmes made
default, and Knudtson answered, denying the allega-
tions of the petition, and averring that he was the owner

of the land described in the petition, and that the conveyance of the same to the defendant Holmes was without consideration, and that it had been decreed in an action in the district court of Polk county that the defendant Holmes had no interest therein. The only question on the appeal is as to the validity of the plaintiff's mortgage against the defendant Knudtson. Knudtson was a prior owner of the mortgaged premises, and had conveyed them to Holmes prior to the execution of the mortgage, and Holmes was in possession of them. The deed to Holmes by Knudtson was for certain lands in Tennessee, and the want of consideration for the deed to Holmes is claimed to be because of a failure of title to the Tennessee lands. The only evidence of a want of title to the Tennessee lands is the result of an adjudication in the district court of Polk county, at the suit of Knudtson against Holmes and one, P. D. Swick, who was Knudtson's grantor in the deed to the Tennessee lands. Before the mortgage in suit was executed, the plaintiff, through his general agent, had notice of a dispute between Knudtson and Holmes as to the *bona fides* of Holmes' title to the lots in question, but just the character of the dispute the evidence leaves in doubt; but we may treat it as sufficient to put the plaintiff on inquiry as to the merits thereof.

To justify a decree for Knudtson, it must appear, in addition to the fact of the plaintiff's knowledge to put him on inquiry, that there was a failure of title to the Tennessee lands. As we have said, the only evidence of a failure of title to the Tennessee lands is a decree of the district court of Polk county, but in that suit the plaintiff in this suit was not a party, and is in no way bound by the decree. The suit was commenced some months after the execution of the mortgage, and was not a matter of which notice could be taken before accepting the mortgage. It is true that before the plaintiff made the loan and took the mortgage there was talk that a suit was to be commenced, and that the

plaintiff waited a little time for that to be done; and it is equally true that Knudtson knew that the plaintiff contemplated making the loan if the suit was not commenced at once. The plaintiff's agent seems to have been diligent to know the true condition of the title to the lots, and the situation of the disputes between Knudtson and Holmes was such that it could not well be known. Knudtson knew of the plaintiff's intention to make the loan if suit was not promptly commenced, and, in view of the entire situation, it was Knudtson's duty to act promptly. From the situation of the case we think the plaintiff was warranted in the belief that no suit would be commenced, or the title to the lots contested. We are not to be understood as holding that, if a suit was pending between Knudtson and Holmes to contest the title, or if the plaintiff had good reason to believe such a suit would, in a proper time, be instituted, he would not be required to await the result before parting with his money on the strength of Holmes' title; but such are not the facts of this case.

With the facts as we find them, the judgment of the district court should be AFFIRMED.